# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

Address of court clerk (Number, street, town and zip code): **123 HOYT STREET, STAMFORD, CT**
Telephone number of clerk: **( 203 ) 965 – 5308**
Return Date (Must be a Tuesday): **08/29/2023**

☒ Judicial District    ☐ G.A. Number:    At (City/Town): **STAMFORD/NORWALK**
☐ Housing Session

Case type code (See list on page 2): Major: **T**    Minor: **90**

For the plaintiff(s) enter the appearance of:
Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code):
**LAWRENCE T. SOMMA, ESQ., 30 OAK STREET, STAMFORD, CT 06905**
Juris number (if attorney or law firm): **408862**

Telephone number: **( 203 ) 327 – 0625**
Signature of plaintiff (if self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): **SOMMALAW@AOL.COM**

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: NOURDINNE, ACHBANI, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB, DECEASE  Address: 56 CHAPEL STREET, GREENWICH, CT 06831 | P-01 |
| Additional plaintiff | Name: Address: | P-02 |
| First defendant | Name: FILS, ELIANE  Address: 31 HILLCREST AVENUE, STAMFORD, CT 06902 | D-01 |
| Additional defendant | Name: FILS, LOUIS ST.  Address: 31 HILLCREST AVENUE, STAMFORD, CT 06902 | D-02 |
| Additional defendant | Name: FILS REALTY, LLC, C/O AGENT FOR SERVICE, SCHWARTZ, ANTHONY E.  Address: 10 WALL STREET, LOWER LEVER, NORWALK, CT 06850 | D-03 |
| Additional defendant | Name: Address: | D-04 |

Total number of plaintiffs: **1**    Total number of defendants: **3**    ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

Date: **07/24/2023**
Signed (Sign and select proper box): [signature]
☒ Commissioner of Superior Court   ☐ Clerk
Name of person signing: **LAWRENCE T. SOMMA ESQ.**

For Court Use Only
File Date: TRUE COPY ATTEST
JOHN CORELLI
STATE MARSHAL
COUNTY OF FAIRFIELD

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

I certify I have read and understand the above:
Signed (Self-represented plaintiff):
Date:
Docket Number:

Page 1 of 2

RETURN DATE: AUGUST 29, 2023 ) SUPERIOR COURT

ACHBANI NOURDDINE, ADMINISTRATOR ) JUDICIAL DISTRICT OF
FOR THE ESTATE OF ABDELOUAHAB       STAMFORD/NORWALK
HATTAB, DECEASED
Plaintiff

VS.
) AT STAMFORD
ELIANE FILS, INDIVIDUALLY,
ST. LOUIS FILS, INDIVIDUALLY ) JULY 24, 2023
AND FILS REALTY, LLC
Defendant(s)

## COMPLAINT

**COUNT ONE (Elaine Fils, Individually)**

1. At all times hereinafter mentioned, the decedent, ABDELOUAHAB HATTAB, was a resident of the City of Stamford and the Plaintiff, ACHBANI NOURDDINE, has been duly appointed as Administrator of the estate of the decedent by the Probate Court for the District of Stamford and is duly qualified and is acting as such.

2. At all times hereinafter mentioned, the decedent, ABDELOUAHAB HATTAB, was a tenant and/or occupied the premises known as 31 Hillcrest Avenue, Rear Basement Apartment, Stamford, Connecticut.

3. At all times hereinafter mentioned, the Defendant, ELIANE FILS, individually, is a resident of Stamford, Connecticut.

4. At all times hereinafter mentioned, the Defendant, ELIANE FILS, and/or their agents, servants, and/or employees, owned, controlled and maintained the premises known as 31 Hillcrest Avenue, Rear Basement Apartment, Stamford, Connecticut.

5. On or about May 2, 2022, as a result of being subjected to high levels of carbon monoxide in his apartment, the Plaintiff, ABDELOUAHAB HATTAB experienced severe symptoms of carbon

monoxide poisoning resulting in his death.

6. The Stamford Fire Department has concluded that an improperly installed or defective water heater in the basement apartment was the source of the carbon monoxide poisoning resulting in the decedent's death.

7. The improperly installed or defective hot water heater, which was found to be emitting carbon monoxide within the decedent's basement apartment, was the sole cause of the death of ABDELOUAHAB HATTAB.

8. The Defendant, ELIANE FILS was responsible for providing a reasonably safe and habitable residence to the decedent, ABDELOUAHAB HATTAB.

9. The decedent's injuries and resulting death were caused by the negligence, carelessness and breach of duty of the Defendant, ELIANE FILS and/or her agents, servants, and/or employees in one or more of the following ways:

    a. In that the above-described apartment and building in which the decedent died did not comply with applicable federal, state and local law, codes and/or regulations including fire and building safety regulations, codes and laws including but not limited to Connecticut General Statute Section 29-292, adopting the State of Connecticut Building Code, sections R314 and R315, Connecticut General Statute Section 29-252;

    b. In that Defendant failed to ensure that the above-described building and apartment were in conformity with recognized laws and standards for building safety, codes and regulations;

    c. In that Defendant failed to inspect the improperly installed or defective water heater for potential, or existing, dangerous conditions;

d. In that Defendant failed to monitor for or take measures to detect and prevent the presence of carbon monoxide in the premises;

e. In that Defendant created a dangerous condition by improperly installing the water heater which then emitted dangerous levels of carbon monoxide into the premises rather than outside of the premises;

f. In that Defendant failed to provide or maintain adequate, sufficient and proper carbon monoxide detection devices in the apartment and building;

g. In that Defendant failed to adequately and properly inspect the above-described apartment and/or building to ascertain the safety of said apartment and/or building for use by tenants including the decedent;

h. In that Defendant failed to correct and remedy the dangerous condition of said building and apartment where the decedent died, although she knew, or in the exercise of reasonable care should have known, of said dangerous condition, including but not limited to improper use and installation of the water heater;

i. In that Defendant failed to use reasonable care to inspect said building and apartment where the decedent died thereby creating a dangerous condition;

j. In that Defendant failed to warn the decedent of the dangerous condition as described herein;

k. In that Defendant failed to use reasonable care to maintain the building and apartment where the decedent died in a reasonably safe condition;

l. In that Defendant failed to have sufficient personnel to maintain the area where the decedent died of carbon monoxide poisoning.

10. As a result of the Defendant, ELIANE FILS' hereinbefore described negligent acts and/or omissions, the decedent, ABDELOUAHAB HATTAB, sustained and suffered from carbon monoxide poisoning and as a result of the nature and extent of his injuries the decedent died on March 2, 2022.

11. As a result of the Defendant, ELIANE FILS' hereinbefore described negligent acts and/or omissions, expenses for hospital care, medical care, medicines, x-rays, and funeral expenses have been incurred on behalf of the decedent and his estate.

12. As a result of the Defendant, ELIANE FILS' hereinbefore described negligent acts and/or omissions, the decedent sustained pain and suffering prior to his death.

13. As a result of the Defendant, ELIANE FILS' hereinbefore described negligent acts and/or omissions, the decedent's capacity to earn wages and carry out life's activities were permanently disrupted and terminated.

**COUNT TWO (St. Louis Fils, Individually)**

1. At all times hereinafter mentioned, the decedent, ABDELOUAHAB HATTAB, was a resident of the City of Stamford and the Plaintiff, ACHBANI NOURDDINE, has been duly appointed as Administrator of the estate of the decedent by the Probate Court for the District of Stamford and is duly qualified and is acting as such.

2. At all times hereinafter mentioned the decedent, ABDELOUAHAB HATTAB was a tenant and/or occupied the premises known as 31 Hillcrest Avenue, Rear Basement Apartment, Stamford, Connecticut.

3. At all times hereinafter mentioned the Defendant, ST. LOUIS FILS, individually, is a resident of Stamford, Connecticut.

4. At all times hereinafter mentioned, the Defendant, ST. LOUIS FILS, its successors and assigns, agents, servants and/or employees owned, possessed, controlled, managed and/or maintained the premises at 31 Hillcrest Avenue, Stamford, Connecticut, 06906.

5. At all times hereinafter mentioned, Defendant, ST. LOUIS FILS, was the sole managing member of FILS REALTY LLC.

6. On or about May 2, 2022, as a result of being subjected to high levels of carbon monoxide in his apartment, the decedent, ABDELOUAHAB HATTAB experienced severe symptoms of carbon monoxide poisoning resulting in his death.

7. The Stamford Fire Department has concluded that an improperly installed or defective water heater in the basement apartment was the source of the carbon monoxide poisoning resulting in the decedent's death.

8. The improperly installed or defective hot water heater, which was found to be emitting carbon monoxide within the decedent's basement apartment, was the sole cause of the death of ABDELOUAHAB HATTAB.

9. The Defendant, ST. LOUIS FILS, was responsible for providing a reasonably safe and habitable residence to the decedent ABDELOUAHAB HATTAB.

10. The decedent's injuries and resulting death were caused by the negligence, carelessness and breach of duty of the Defendant, ST. LOUIS FILS, as sole managing member of FILS REALTY LLC and/or their agents, servants, and/or employees in one or more of the following ways:

 a. In that the above-described apartment and building in which the decedent died did not comply with applicable federal, state and local law, codes and/or regulations including fire and building safety regulations, codes and laws including but not limited to Connecticut General Statute Section 29-292, adopting the State of

Connecticut Building Code, sections R314 and R315, Connecticut General Statute Section 29-252;

b. In that Defendant failed to ensure that the above-described building and apartment was in conformity with recognized laws and standards for building safety, codes and regulations;

c. In that Defendant failed to inspect the improperly installed water heater for potential or existing dangerous conditions;

d. In that Defendant failed to monitor for, or take measures to detect and prevent, the presence of carbon monoxide in the premises;

e. In that Defendant created a dangerous condition by improperly installing the water heater which then emitted dangerous levels of carbon monoxide into the premises rather than outside of the premises;

f. In that Defendant failed to provide or maintain adequate, sufficient and proper carbon monoxide detection devices in the apartment and building;

g. In that Defendant failed to adequately and properly inspect the above-described apartment and/or building to ascertain the safety of said apartment and/or building for use by tenants including the decedent;

h. In that Defendant failed to correct and remedy the dangerous condition of said building and apartment where the decedent died, although he knew or in the exercise of reasonable care should have known of said dangerous condition, including but not limited to, improper use and installation of the water heater;

i. In that Defendant failed to use reasonable care to inspect said building and apartment where the decedent died thereby creating a dangerous condition;

j. In that Defendant failed to warn the decedent of the dangerous condition as described herein;

k. In that Defendant failed to use reasonable care to maintain the building and apartment where the decedent died in a reasonably safe condition;

l. In that Defendant failed to have sufficient personnel to maintain the area where the decedent died of carbon monoxide poisoning.

10. As a result of the Defendant, ST. LOUIS FILS' hereinbefore described acts and/or omissions the decedent, ABDELOUAHAB HATTAB, sustained and suffered from carbon monoxide poisoning and as a result of the nature and extent of the injuries the decedent died on March 2, 2022.

11. As a result of the Defendant, ST. LOUIS FILS' hereinbefore described acts and/or omissions, expenses for hospital care, medical care, medicines, x-rays, and funeral expenses have been incurred on behalf of the decedent and his estate.

12. As a direct result of the Defendant, ST. LOUIS FILS' hereinbefore described acts and/or omissions, the decedent sustained pain and suffering prior to his death.

13. As a result of the Defendant, ST. LOUIS FILS' hereinbefore described acts and/or omissions, the decedent's capacity to earn wages and carry out life's activities were permanently disrupted and terminated.

**COUNT THREE (Fils Realty, LLC)**

1. At all times hereinafter mentioned, the decedent, ABDELOUAHAB HATTAB, was a resident of the City of Stamford and the Plaintiff, ACHBANI NOURDDINE, has been duly appointed as Administrator of the estate of the decedent by the Probate Court for the District of Stamford and is duly qualified and is acting as such.

2. At all times hereinafter mentioned the decedent, ABDELOUAHAB HATTAB was a tenant and/or occupied the premises known as 31 Hillcrest Avenue, Rear Basement Apartment, Stamford, Connecticut.

3. At all times hereinafter mentioned, the Defendant, FILS REALTY LLC, is and continues to be a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

4. At all times hereinafter mentioned, FILS REALTY LLC, was and continues to be a limited liability company with a business address of 31 Hillcrest Avenue, Stamford, CT 06902, and was and is duly authorized to transact business in the State of Connecticut.

5. At all times hereinafter mentioned, the Defendant, FILS REALTY LLC, and/or their agents, servants, and/or employees, owned, controlled and/or maintained the premises known as 31 Hillcrest Avenue, Rear Basement Apartment, Stamford, Connecticut.

6. On or about May 2, 2022, as a result of being subjected to high levels of carbon monoxide in his apartment, the decedent, ABDELOUAHAB HATTAB experienced severe symptoms of carbon monoxide poisoning resulting in his death.

7. The Stamford Fire Department has concluded that an improperly installed or defective water heater in the basement apartment was the source of the carbon monoxide poisoning resulting in the decedent's death.

8. The improperly installed or defective hot water heater, which was found to be emitting carbon monoxide within the decedent's basement apartment, was the sole cause of the death of ABDELOUAHAB HATTAB.

9. The Defendant, FILS REALTY LLC was responsible for providing a reasonably safe and habitable residence to the decedent, ABDELOUAHAB HATTAB.

10. The decedent's injuries and resulting death were caused by the negligence, carelessness and breach of duty of the Defendant, FILS REALTY LLC, and/or their agents, servants, and/or employees in one or more of the following ways:

   a. In that the above-described apartment and building in which the decedent died did not comply with applicable federal, state and local law, codes and/or regulations including fire and building safety regulations, codes and laws including but not limited to Connecticut General Statute Section 29-292, adopting the State of Connecticut Building Code, sections R314 and R315, Connecticut General Statute Section 29-252;

   b. In that Defendant failed to ensure that the above-described building and apartment was in conformity with recognized laws and standards for building safety, codes and regulations;

   c. In that Defendant failed to inspect the improperly installed water heater for potential or existing dangerous conditions;

   d. In that Defendant failed to monitor for or take measures to detect and prevent the presence of carbon monoxide in the premises;

   e. In that Defendant created a dangerous condition by improperly installing the water heater which then emitted dangerous levels of carbon monoxide into the premises rather than outside of the premises;

   f. In that Defendant failed to provide or maintain adequate, sufficient and proper carbon monoxide detection devices in the apartment and building;

   g. In that Defendant failed to adequately and properly inspect the above-described

apartment and/or building to ascertain the safety of said apartment and/or building for use by tenants including the decedent;

h. In that Defendant failed to correct and remedy the dangerous condition of said building and apartment where the decedent died, although it knew or in the exercise of reasonable care should have known of said dangerous condition, including but not limited to improper use and installation of the water heater;

i. In that Defendant failed to use reasonable care to inspect said building and apartment where the decedent died thereby creating a dangerous condition;

j. In that Defendant failed to warn the decedent of the dangerous condition as described herein;

k. In that Defendant failed to use reasonable care to maintain the building and apartment where the decedent died in a reasonably safe condition;

l. In that Defendant failed to have sufficient personnel to maintain the area where the decedent died of carbon monoxide poisoning.

11. As a result of the Defendant, FILS REALTY LLC, hereinbefore described acts and/or omissions the decedent, ABDELOUAHAB HATTAB, sustained and suffered from carbon monoxide poisoning and as a result of the nature and extent of the injuries the decedent died on March 2, 2022.

12. As a result of the Defendant, FILS REALTY LLC, hereinbefore described acts and/or omissions, expenses for hospital care, medical care, medicines, x-rays, and funeral expenses have been incurred on behalf of the decedent and his estate.

13. As a direct result of hereinbefore described acts and/or omissions, the decedent sustained pain and suffering prior to his death.

14. As a result of the Defendant, FILS REALTY LLC hereinbefore described acts and/or omissions, the decedent's capacity to earn wages and carry out life's activities were permanently disrupted and terminated.

**WHEREFORE**, the Plaintiff claims:

1. Money damages;
2. Interest; and
3. Such other relief as the Court deems appropriate and just.

THE PLAINTIFF
ACHABANI NOURDINNE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB, BY LAWRENCE T. SOMMA

By: _____
Lawrence T' Somma
30 Oak Street, Suite 101
Stamford, CT 06905
TEL: (203) 327-0625
FAX: (203) 324-7459
sommalaw@aol.com
Juris # 408862

A TRUE COPY
ATTEST

JOHN CORELLI
STATE MARSHAL
COUNTY OF FAIRFIELD

RETURN DATE: AUGUST 29, 2023 ) SUPERIOR COURT

ACHBANI NOURDDINE, ADMINISTRATOR
OF THE ESTATE OF ABDELOUAHAB       JUDICIAL DISTRICT OF
HATTAB                             STAMFORD/NORWALK
*Plaintiff*

VS.

) AT STAMFORD

ELIANE FILS, INDIVIDUALLY
ST. LOUIS FILS, INDIVIDUALLY       ) JULY 24, 2023
& FILS REALTY, LLC
*Defendant(s)*

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand, exclusive of interests and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

THE PLAINTIFF
ACHBANI NOURDINNE, ADMINISTRATOR
FOR THE ESTATE OF ABDELOUAHAB
HATTAB BY LAWRENCE T. SOMMA

By: _____
Lawrence T. Somma
30 Oak Street, Suite 101
Stamford, CT 06905
TEL: (203) 327-0625
FAX: (203) 324-7459
sommalaw@aol.com
Juris # 408862

A TRUE COPY
ATTEST

JOHN CORELLI
STATE MARSHAL
COUNTY OF FAIRFIELD