UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

AMGUARD INSURANCE COMPANY,

                Plaintiff,

      vs.

ELIANE FILS, ST. LOUIS FILS, FILS REALTY, LLC
and ACHBANI NOURDDINE, ADMINISTRATOR
FOR THE ESTATE OF ABDELOUAHAB HATTAB,

                Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS**

Case No.:  3:24-cv-01332

HURWITZ FINE P.C.
Lee S. Siegel, Esq.
*Attorneys for Plaintiff*,
*AMGUARD INSURANCE COMPANY*
1245 Farmington Ave. #1198
West Hartford, CT 06107
(631) 465-0700
lss@hurwitzfine.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................... 2

STANDARD OF REVIEW ........................................................................ 3

ARGUMENT ..................................................................................... 4

      POINT I      ST. LOIS FILS AND FILS REALTY, LLC
                     ARE NOT INSUREDS ..................................................... 4

      POINT II     THE PREMISES IS NOT AN INSURED LOCATION ................... 5

      POINT III    THE POLLUTANT EXCLUSION BARS COVERAGE ................. 7

CONCLUSION ................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*City of New York v. Mickalis Pawn Shop,* 645 F.3d 114, 128 (2nd Cir. 2011) .............................. 4

*Hernandez v. Saybrook Buick GMC, Inc.,* 505 F.Supp.3d 93, 101 (D. Conn. 2020) .................... 3

*Priestley v. Headminder, Inc.,* 647 F.3d 497, 504 (2nd Cir. 2011) ................................................ 3

*Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2nd Cir. 1999).................................. 4

**Rules**

Fed. R. Civ. P. 55 ...................................................................................................... 1, 3, 4, 8

## PRELIMINARY STATEMENT

Plaintiff, AMGUARD INSURANCE COMPANY ("AmGUARD"), submits this Memorandum of Law in support of its motion for a default judgment against Defendants, ELIANE FILS, ST. LOUIS FILS, FILS REALTY, LLC and ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB (collectively, the "Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2), based upon their failure to appear, answer, move, or respond in any way in this action.

AmGUARD's motion should be granted because the Defendants failed to answer, move, or otherwise respond to AmGUARD's Amended Complaint, despite proper service and a significant period of time elapsing thereafter. AmGUARD filed its Complaint, with Exhibits A-C, on August 20, 2024, and its Amended Complaint, with Exhibits A-C, on September 27, 2024. AmGUARD served each of the Defendants on October 4, 2024, which required Answers or other responses to be served by October 25, 2024. (ECF Docs. 13-16).

The Defendants have not appeared or answered and the time to do so has expired.

On November 6, 2024, AmGUARD filed a motion for entry of default pursuant to Fed. R. Civ. P. Rule 55(a). (ECF Doc. 17). By Order, dated November 7, 2024, AmGUARD's motion for entry of default was granted. (ECF Doc. 18). AmGUARD was instructed to file the instant motion for default judgment by December 7, 2024. (ECF Doc. 18).

By virtue of the Defendants' default, the allegations in the Amended Complaint are deemed admitted. Moreover, AmGUARD has demonstrated that those uncontroverted allegations establish its entitlement to relief and, further, that the claims asserted against Eliane Fils, Individually, St. Louis Fils, Individually and Fils Realty, LLC by Achkan Nourddine, Administrator for the

Estate of Abdelouahab Hattab, Deceased, in the underlying litigation are precluded from coverage because:

- St. Louis Fils is not an insured,

- Fils Realty LLC is not an insured,

- The Premises is not an Insured Location,

- The Pollutant Exclusion precludes coverage for the alleged carbon monoxide poisoning,

- Among other reasons.

AmGUARD is entitled to a default judgment and the relief requested in the Amended Complaint.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about July 24, 2023, Achbani Nourddine, Administrator for the Estate of Abdelouahab Hattab, Deceased, filed a lawsuit in the Superior Court of the State of Connecticut, Stamford Judicial District, captioned *Achbani Nourddine, Administrator for the Estate of Abdelouahab Hattab, Deceased, v. Eliane Fils, Individually, St. Louis Fils, Individually and Fils Realty, LLC,* Index No. FST-CV23-6062394-S (the "Underlying Action"). (Siegel Dec. Ex. C.)

The Underlying Action arises from the May 2, 2022, death of Abdelouahab Hattab from alleged carbon monoxide poisoning while residing in an illegal apartment located at 31 Hillcrest Avenue, in Stamford. The Underlying Action alleges that Abdelouahab Hattab was a tenant at the premises located at 31 Hillcrest Avenue, in Stamford (the "Premises") and that he died as a result of carbon monoxide poisoning caused by a defectively installed water heater in the basement of the Premises. (*See generally* Siegel Dec. Ex. C.)

AmGUARD issued a residential homeowners policy of insurance to Elaine Fils, Policy No. EL HO304719 ("the Policy"). The Policy identified the Premises, 31 Hillcrest Avenue,

Stamford, as the residence premises. The Policy was in effect on May 2, 2022. (*See generally* Siegel Dec. Ex. D.)

Elaine Fils tendered the Underlying Action to AmGUARD for a consideration of coverage. AmGUARD issued reservation of rights letters denying coverage to Fils Realty, LLC, but agreed to defend Elaine Fils and St. Louis Fils subject to the reservation of rights. (*See generally* Siegel Dec. Ex. E.)

AmGUARD commenced this declaratory judgment action seeking a declaration that AmGUARD is not obligated to defend or indemnify any putative insured for claims alleged in the Underlying Action. (Siegel Dec. Exs. A, B). The Defendants were properly served with process (*see* ECF Docs. 13-16), but, to date, have failed to plead or otherwise defend this action. No Answers, motions, or other responses to the Amended Complaint were submitted, nor was an appearance filed.

On November 6, 2024, AmGUARD filed a motion for entry of default pursuant to Fed. R. Civ. P. Rule 55(a) as to the Defendants. (ECF Doc. 17). By Order, dated November 7, 2024, AmGUARD's request for an entry of default pursuant to Fed. R. Civ. 55(a) was granted. (ECF Doc. 18). AmGUARD was instructed to file this motion for default judgment by December 7, 2024. (ECF Doc. 18).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 55, obtaining a default judgment is a two-step process. *Priestley v. Headminder, Inc.,* 647 F.3d 497, 504 (2nd Cir. 2011). Plaintiff must first obtain an entry of default under Rule 55(a) by showing that the defaulting party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a); *see Hernandez v. Saybrook Buick GMC, Inc.,* 505 F.Supp.3d 93, 101 (D. Conn. 2020). That has already occurred here. (ECF Doc. 20).

Thereafter, a plaintiff must seek a default judgment under Rule 55(b), which converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled. *City of New York v. Mickalis Pawn Shop,* 645 F.3d 114, 128 (2nd Cir. 2011). Default judgment is warranted if liability is established as a matter of law when the factual allegations of the complaint are taken as true. *See City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011). The entry of a default judgment is entrusted to the discretion of the court under Fed. R. Civ. P. 55(b)(2). *Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2nd Cir. 1999).

## ARGUMENT

The Defendants are in default and AmGUARD is entitled to the declaratory relief demanded in the Amended Complaint. The undisputed facts confirm that the Policy does not provide coverage for the allegations in the Underlying Action.

On November 6, 2024, the Clerk of the Court signed an Order granting AmGUARD's motion pursuant to Fed. R. Civ. P. Rule 55(a) for entry of default as against the Defendants. (ECF Doc. 18). To date, the Defendants have yet to appear or otherwise defend themselves in this action. Therefore, the Defendants are in default and AmGUARD is entitled to entry of a default judgment against them, including the declaratory relief sought in the Amended Complaint, on account of the well pleaded allegations therein. By defaulting, the Defendants have admitted AmGUARD's allegations. Accordingly, there is no coverage owed to the Defendants under the Policy.

## POINT I

### ST. LOIS FILS AND FILS REALTY, LLC
### ARE NOT INSUREDS

The Policy, issued on the Homeowners 3 – Special Form, HO 00 03 05 11, contained grants of coverage, definitions, and exclusions to coverage. (*See generally* Siegel Dec. Ex. D and Ex. B

at ¶¶ 22 - 26.) Significantly, the Policy only identified one persona as a named insured – Elaine Fils. Neither St. Louis Fils nor Fils Realty, LLC, are named insureds; neither are added to the Policy as additional insureds; and neither qualifies as an insured pursuant to the Policy's definition of an insured. The Policy defines an insured as, "a. You [the Named Insured] and residents of your household who are: (1) Your relatives; or (2) Other persons under the age of 21 and in your care…." St. Louis Fils did not reside in Elaine Fils' household and Fils Realty, LLC, is not a relative of Elaine Fils. Therefore, neither is an insured and neither one is owed a defense or indemnity for the allegations in the Underlying Action.

**POINT II**

**THE PREMISES IS NOT AN INSURED LOCATION**

The loss location, i.e., the Premises, does not qualify as an insured location, as defined by the Policy. There is no coverage available to any insured where the insured premises is owned by an insured but the Premises is not an insured location.

The residence premises is identified in the Policy as 31 Hillcrest Avenue, in Stamford, Connecticut. The Premises, however, does not meet the Policy's definition of an insured location and, therefore, coverage is excluded. The Policy defines an insured location as, among other things, the residence premises.

      **6.** "Insured location" means:

        **a.** The "residence premises";

        **b.** The part of other premises, other structures and grounds used by you as a residence; and

          **(1)** Which is shown in the Declarations; or

          **(2)** Which is acquired by you during the policy period for your use as a residence;

5

    **c.** Any premises used by you in connection with a premises described in **a.** and **b.** above;

    **d.** Any part of a premises:

        **(1)** Not owned by an "insured"; and

        **(2)** Where an "insured" is temporarily residing;

***

    **11.** "Residence premises" means:

    **a.** The one-family dwelling where you reside;

    **b.** The two-, three- or four-family dwelling where you reside in at least one of the family units; or

    **c.** That part of any other building where you reside;

    and which is shown as the "residence premises" in the Declarations.

(Siegel Dec. Ex. D at 2 of 24.)

The Policy makes clear that the insured location means the residence premises, or any other residence shown in the Declarations. [The other definitions are inapplicable.] The Policy, further, defines residence premises as the one-family dwelling where you, i.e., Elaine Fils, reside, or a two-to four-family dwelling where the named insured resides in at least one of the units. Here, Elaine Fils did not reside at the Premises during the policy period or at the time of the loss.

Because the insured premises is not an insured location, AmGUARD owes no duty to defend any of the DEFENDANTS in the Underlying Action. Because the insured premises is not an insured location, AmGUARD owes no duty to indemnify any of the DEFENDANTS in the Underlying Action.

## POINT III

## THE POLLUTANT EXCLUSION BARS COVERAGE

The Policy, by endorsement, precluded coverage under Coverages E and F for liability arising out of the actual or alleged escape of pollutants.

> The following exclusions are added to **SECTION II - EXCLUSIONS**: Paragraph **E. Coverage   E  – Personal Liability And Coverage F  –   Medical Payments To Others**
>
> Coverages **E** and **F** do not apply to the following:
>
> **i.   Pollutants**
>
> Any liability arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants. This includes any request or order to test for, monitor, or for remediation of any pollutants. This exclusion includes any liability imposed by law;

(Siegel Dec. Ex. D.)

Mr. Hattab died, as alleged in the Underlying Action, as a result of carbon monoxide poisoning that escaped and was released from an inadequately vented water heater. Carbon monoxide is a pollutant pursuant to Connecticut's Department of Energy & Environmental Protection. *See* https://portal.ct.gov/deep/air/monitoring/air-pollutant-information (last accessed on November 21, 2024).

AmGUARD owes no duty to defend any of the DEFENDANTS in the Underlying Action because of the Pollutant Exclusion. AmGUARD owes no duty to indemnify any of the DEFENDANTS in the Underlying Action because of the Pollutant Exclusion.

## CONCLUSION

For the reasons articulated above, and as set forth in the Amended Complaint which are set forth at length herein, AmGUARD's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants ELIANE FILS, ST. LOUIS FILS, FILS REALTY, LLC and ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB should be granted in full. AMGUARD INSURANCE COMPANY, respectfully requests that this court order, adjudge, and declare:

(1) that AMGUARD INSURANCE COMPANY does not owe coverage to ELAINE FILS ST. LOUIS FILS, and FILS REALTY, LLC, under the Policy for claims made by ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB as alleged in the Underlying Action;

(2) that AMGUARD INSURANCE COMPANY is not obligated to defend or indemnify ELIANE FILS, ST. LOUIS FILS, and FILS REALTY, LLC, for claims arising from the Underlying Action;

(3) that AMGUARD INSURANCE COMPANY is permitted to withdraw from the defense that it is currently providing to ELIANE FILS, ST. LOUIS FILS and FILS REALTY, LLC, in the Underlying Action; and

(4) Granting such other, further, and different relief that the Court deems to be just, equitable, and proper.

DATED:    West Hartford, Connecticut
          November 27, 2024

HURWITZ FINE P.C.

Lee S. Siegel, Esq.
*Attorneys for Plaintiff,*
*AMGUARD INSURANCE COMPANY*
1245 Farmington Ave #1198
West Hartford, CT 06107
(631) 465-0700
lss@hurwitzfine.com