JUN 9 2025 PM 2:17
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------X        DOCKET #: 3:24-cv-01332

AMGUARD INSURANCE COMPANY,

                        Plaintiff(s),

   -against-                                         **VERIFIED AMENDED**
                                                               **COMPLAINT**

ELIANE FILS, ST. LOUIS FILS, FILS REALTY, LLC and
ACHBANI NOURDDINE, ADMINISTRATOR FOR THE
ESTATE OF ABDELOUAHAB HATTAB,

                        Defendant(s).
----------------------------------------------------------------X

       Plaintiff, AMGUARD INSURANCE COMPANY ("AMGUARD"), by its attorneys, HURWITZ FINE P.C., as and for its VERIFIED AMENDED COMPLAINT against Defendants, ELIANE FILS, ST. LOUIS FILS, and FILS REALTY, INC. (collectively, the "UNDERLYING DEFENDANTS"), and ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB (the "ESTATE"), alleges upon information and belief, unless stated otherwise:

## THE PARTIES

    1.    Plaintiff, AMGUARD, is a foreign insurance company organized and existing under the laws of the State of Nebraska where it is domiciled with its principal place of business in the Commonwealth of Pennsylvania.

**St Louis Fils: Admit.**    **Eliane Fils: Admit**

    2.    Defendant, ELIANE FILS, was, at all relevant times, and still is, an individual who is a citizen of the State of Connecticut, residing full-time in the State of Connecticut, City of Stamford.  **Eliane Fils: Admit**

1

3. Defendant, ST. LOUIS FILS, also known as Louis Fils, was, at all relevant times, and still is, an individual who is a citizen of the State of Connecticut, residing full-time in the State of Connecticut, City of Stamford. **Louis Fils: Admit**

4. Defendant, FILS REALTY LLC, was, at all relevant times, and still is, a limited liability company, organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut, City of Stamford. **Admit**

5. Defendant, ST. LOUIS FILS, also known as Louis Fils, who is a citizen of the State of Connecticut was, at all relevant times, and still is, the managing member of Defendant, FILS REALTY LLC. **Louis Fils: Denied**

6. Upon information and belief, Defendant, ELAINE FILS, a citizen of the State of Connecticut, is the only other member of Defendant, FILS REALTY LLC. **Denied**

7. Upon information and belief, no members of Defendant, FILS REALTY LLC, are citizens of the State of Nebraska or the Commonwealth of Pennsylvania. **Admit**

8. Defendant, ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB (the "ESTATE"), is and was, at all relevant times, a citizen of Morocco and a resident of the State of Connecticut, Town of Greenwich. ACHBANI NOURDDINE was appointed Administrator of the Estate by the Probate Court for the District of Stamford. The Estate is included herein as a nominal party so as to afford complete relief to all interested parties. **St Louis & Eliane Fils: lack of information or belief to admit or deny allegations**

9. This matter is an insurance coverage declaratory judgment action seeking judicial resolution as to certain rights and obligations under an insurance policy issued by AMGUARD to ELIANE FILS. **St Louis & Eliane Fils: Admit**

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter under 28 USC §1332 in that it arises between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the rights being protected and/or the injury being averred exceeds $75,000. **St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

11. Venue is proper in this District under 28 USC §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. **Admit**

## NATURE OF THE ACTION

12. The ESTATE commenced an action against the UNDERLYING DEFENDANTS in the Superior Court of the State of Connecticut, Judicial District of Stamford, Index Number FST-CV23-606239-S, dated July 24, 2023, styled *ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB v. ELIANE FILS, ST. LOUIS FILS, and FILS REALTY LLC* (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto as **Exhibit "A."** **Admit**

13. The Underlying Action arises from the May 2, 2022, death of Abdelouahab Hattab from alleged carbon monoxide poisoning while residing in an illegal apartment located at 31 Hillcrest Avenue, in Stamford. **St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

14. The Underlying Action alleges that Abdelouahab Hattab was a tenant at the premises located at 31 Hillcrest Avenue, in Stamford (the "Premises"). **Denied**

15. The Underlying Action alleges that Abdelouahab Hattab died as a result of carbon monoxide poisoning caused by a defectively installed water heater in the basement of the Premises. **Denied**

16. The Underlying Action alleges:

   a. That the UNDERLYING DEFENDANTS jointly and separately, either owned, possessed, controlled, managed and/or maintained the Premises; and

   b. That the UNDERLYING DEFENDANTS were jointly and separately responsible for maintaining the Premises in a reasonably safe and habitable manner but that they failed to do so. **Denied**

17. AMGUARD issued a residential homeowners policy of insurance to ELIANE FILS, Policy No. ELHO304719 ("the Policy"). The Policy identified the Premises as the residence premises. The Policy was in effect on May 2, 2022. A copy of the Policy is attached hereto as **Exhibit "B."** **Admit**

18. ELIANE FILS tendered the Underlying Action to AMGUARD for a consideration of coverage. **Admit**

19. AMGUARD, in October 2023, issued a reservation of rights letter to the UNDERLYING DEFENDANTS. AMGUARD, in November 2023, issued a revised reservation of rights letter to the UNDERLYING DEFENDANTS. Copies of both letters are attached hereto as **Exhibit "C."** **Admit**

20. AMGUARD denied coverage to FILS REALTY, LLC, but agreed to defend ELIANE FILS and ST. LOUIS FILS subject to the reservation of rights. **Admit**

**THE POLICY**

21. The Policy was issued on the Homeowners 3 – Special Form, HO 00 03 05 11. **Admit**

22. The Policy contained the following relevant definitions:

**DEFINITIONS**

A. In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

B. In addition, certain words and phrases are defined as follows:

***

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

3. "Business" means:

   a. A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

   b. Any other activity engaged in for money or other compensation, except the following:

      (1) One or more activities, not described in (2) through (4) below, for which no "insured" receives more than $2,000 in total compensation for the 12 months before the beginning of the policy period;

      (2) Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;

      (3) Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or

      (4) The rendering of home day care services to a relative of an "insured".

***

5. "Insured" means:

   a. You and residents of your household who are:

    **(1)**    Your relatives; or

    **(2)**    Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

***

**6.** "Insured location" means:

  **a.**  The "residence premises";

  **b.**  The part of other premises, other structures and grounds used by you as a residence; and

    **(1)**    Which is shown in the Declarations; or

    **(2)**    Which is acquired by you during the policy period for your use as a residence;

  **c.**  Any premises used by you in connection with a premises described in **a.** and **b.** above;

  **d.**  Any part of a premises:

    **(1)**    Not owned by an "insured"; and

    **(2)**    Where an "insured" is temporarily residing;

***

==St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations==

23.    The Policy provides the following grant of liability coverage:

**A.**    **Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate

and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

> St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations

24. The Policy contains certain exclusions that limit, in whole or in part, coverage for the allegations in the Underlying Action.

**SECTION II – EXCLUSIONS**

\*\*\*

**E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

1. **Expected Or Intended Injury**

   "Bodily injury" or "property damage" which is expected or intended by the "insured", even if the resulting "bodily injury" or "property damage":

   a. Is of a different kind, quality or degree than initially expected or intended; or

   b. Is sustained by a different person, entity or property than initially expected or intended.

   However, this Exclusion **E.1.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by the "insured" to protect persons or property.

2. **"Business"**

   a. "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured".

   This Exclusion **E.2.** applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or

implied to be provided because of the nature of the "business".

    **b.** This Exclusion **E.2.** does not apply to:

        **(1)** The rental or holding for rental of an "insured location";

            **(a)** On an occasional basis if used only as a residence;

            **(b)** In part for use only as a residence, unless a single-family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or

            **(c)** In part, as an office, school, studio or private garage; and

        **(2)** An "insured" under the age of 21 years involved in a part-time or occasional, self-employed "business" with no employees;

***

**4. "Insured's" Premises Not An "Insured Location"**

"Bodily injury" or "property damage" arising out of a premises:

    **a.** Owned by an "insured";

    **b.** Rented to an "insured"; or

    **c.** Rented to others by an "insured";

that is not an "insured location".

**St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

    25.    Pursuant to the Homeowners – Special Provisions – Connecticut, Form No. HO 106 01 12 20, there is no coverage for bodily injury or property damage arising from Pollutants.

The following exclusions are added to **SECTION II - EXCLUSIONS**: Paragraph **E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

i. **Pollutants**

Any liability arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants. This includes any request or order to test for, monitor, or for remediation of any pollutants. This exclusion includes any liability imposed by law;

> St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations

26. The Policy contains certain Conditions to coverage. Relevant to Plaintiff's coverage position includes the following:

**SECTION II – CONDITIONS**

\*\*\*

H. **Concealment Or Fraud**

We do not provide coverage to an "insured" who, whether before or after a loss, has intentionally:

1. Concealed or misrepresented any material fact or circumstance;

2. Engaged in fraudulent conduct; or

3. Made false statements;

relating to this insurance.

H. **Concealment Or Fraud** (See Form No. HO 106 01 12 20)

We will not provide coverage for the insured who, whether before or after a loss, has intentionally:

1. Concealed or misrepresented any material fact or circumstance;

9

2. Engaged in fraudulent conduct; or

3. Made material false statements;

relating to this insurance. **St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

### FIRST COUNT
### ST. LOUIS FILS IS NOT AN INSURED

27. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "26" of this Verified Amended Complaint, as if fully set forth herein. **Admit**

28. ST. LOUIS FILS is not the named insured on the Policy. **Admit**

29. ST. LOUIS FILS is not a relative, as defined by the Policy, of the named insured on the Policy. **Denied**

30. ST. LOUIS FILS did not reside at the Premises on the date of loss. **Admit**

31. ST. LOUIS FILS is not an Insured under the Policy.

32. AMGUARD is not obligated to defend ST. LOUIS FILS for the allegations **Denied** in the Underlying Action. **St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

33. AMGUARD is not obligated to indemnify ST. LOUIS FILS for the allegations in the Underlying Action. **St Louis & Eliane Fils: Lack of information or beliefs to admit or deny the allegations**

### SECOND COUNT
### FILS REALTY LLC IS NOT AN INSURED

34. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "33" of this Verified Amended Complaint, as if fully set forth herein. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

35. FILS REALTY, LLC, is not the named insured on the Policy. **Admit**

10

36. FILS REALTY, LLC, is not a relative, as defined by the Policy, of the named insured on the Policy. **Admit**

37. FILS REALTY, LLC, did not reside at the Premises on the date of loss. **Admit**

38. FILS REALTY, LLC, is not an Insured under the Policy. **Admit**

39. AMGUARD is not obligated to defend FILS REALTY, LLC, for the allegations in the Underlying Action. **Admit**

40. AMGUARD is not obligated to indemnify FILS REALTY, LLC, for the allegations in the Underlying Action. **Admit**

## THIRD COUNT
## THE PREMISES IS NOT AN INSURED LOCATION

41. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "40" of this Verified Amended Complaint, as if fully set forth herein. **Defendant repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

42. The loss location, i.e., the Premises, does not qualify as an insured location, as defined by the Policy. **Denied**

43. There is no coverage available to any insured where the insured premises are owned by an insured but the Premises is not an insured location. **Denied**

44. The insured premises is identified in the Policy as 31 Hillcrest Avenue, in Stamford, Connecticut. The Premises, however, does not meet the Policy's definition of an insured location and, therefore, coverage is excluded. **Denied**

45. The Policy defines an insured location as, among other things, the residence premises. **Denied**

11

46. The Policy, further, defines residence premises as the one-family dwelling where you, i.e., ELIANE FILS the named insured, reside, or a two- to four-family dwelling where you, ELIANE FILS, reside in at least one of the units. **Admit**

47. ELIANE FILS did not reside in any part of the Premises during the policy period. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

48. Because the insured premises is not an insured location, AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action. **Denied**

49. Because the insured premises is not an insured location, AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action. **Denied**

## FOURTH COUNT
## THE BUSINESS EXCLUSION PRECLUDES COVERAGE

50. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "49" of this Verified Amended Complaint, as if fully set forth herein. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

51. The Underlying Action arose out of or in connection with a business conducted at the insured location, assuming the Premises qualifies as an insured location (which AMGUARD denies). **Denied**

52. The Premises was used as a business. **Denied**

53. The insured rented out the Premises to multiple tenants. **Lack of information**

54. Upon information and belief, one or more of the UNDERLYING DEFENDANTS illegally subdivided the Premises, which was a single-family house, and rented it out to multiple tenants. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

55. Because the bodily injury alleged in the Underlying Action arose from or is in connection with a business engaged in by an insured, coverage is excluded. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

12

56. AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action because of the application of the Business exclusion.

**Lack of information**

57. AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action because of the application of the Business Exclusion.

**Lack of information or beliefs to admit or deny the allegations**

### FIFTH COUNT
### FAILURE TO MAINTAIN PROTECTIVE DEVICES

58. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "57" of this Verified Amended Complaint, as if fully set forth herein.

**Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein.**

59. As a condition precedent to coverage under the Policy, an insured under the Policy was required to maintain enumerated protective devices. **Admit**

60. Pursuant to the Policy, an insured under the Policy was required to maintain "Fire Alarm: Local/Smoke Detector." **Admit**

61. Upon information and belief, and as alleged in the Underlying Action, the Premises was not equipped with a working fire alarm and smoke detectors. **Denied**

62. AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action because of the failure to maintain protective devices. **Denied**

63. AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action because of the failure to maintain protective devices. **Denied**

### SIXTH COUNT
### EXPECTED OR INTENDED INJURY EXCLUSION

64. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "63" of this Verified Amended Complaint, as if fully set forth herein.

**Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

13

65. Upon information and belief, and as alleged in the Underlying Action, the defective water heater was improperly installed without exterior venting. **Denied**

66. Upon information and belief, and as alleged in the Underlying Action, the Premises did not have a working carbon monoxide detector. **Denied**

67. Upon information and belief, the Premises was required by Connecticut law to contain a carbon monoxide detector installed in or near each bedroom. **Denied**

68. Because the water heater was not ventilated and because there was no working carbon monoxide detector in or near Mr. Hattab's bedroom, the injuries alleged in the Underlying Action were expected or intended by the UNDERLYING DEFENDANTS. **Denied**

69. AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action because of the Expected or Intended Injury exclusion. **Denied**

70. AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action because of the Expected or Intended Injury exclusion. **Denied**

### SEVENTH COUNT
### POLLUTANT EXCLUSION

71. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "70" of this Amended Verified Complaint, as if fully set forth herein. **Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein.**

72. The Policy, by endorsement, precluded liability coverage under Coverages E and F for liability arising from the actual or alleged escape of pollutants. **Denied**

73. Upon information and belief, Mr. Hattab died, as alleged in the Underlying Action, as a result of carbon monoxide poising. **Lack of information or beliefs to admit or deny the allegations**

74. Carbon monoxide is a pollutant. **Lack of information or beliefs to admit or deny the allegations**

14

75. The ESTATE alleges that the UNDERLYING DEFENDANTS are liable to it because of the alleged discharge, dispersal, seepage, migration, release, or escape of a pollutant.

**Denied**

76. Upon information and belief, carbon monoxide escaped from, was discharged by, was dispersed by, seeped from, migrated from, and/or was released from the water heater.

**Lack of information or beliefs to admit or deny the allegations**

77. AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action because of application of the Pollutant exclusion.

**Denied**

78. AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action because of application of the Pollutant exclusion.

**Denied**

### EIGHTH COUNT
### MISREPRESENTATION

79. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraphs "1" through "78" of this Verified Amended Complaint, as if fully set forth herein.

**Defendent repeats his responses as stated in the foregoing paragraphs as if fully set forth herein**

80. ELIANE FILS made material misrepresentations in the procurement of the Policy.

**Lack of information or beliefs to admit or deny the allegations**

81. AMGUARD would not have issued the Policy had ELIANE FILS provided truthful answers.

**Lack of information or beliefs to admit or deny the allegations**

82. AMGUARD has no obligation to provide coverage to an insured who, at any time, misrepresented any material facts relating to the Policy.

**Denied**

83. ELIANE FILS, in order to procure the Policy, misrepresented multiple facts about the Premises and its use.

**Lack of information or beliefs to admit or deny the allegations**

84. ELIANE FILS falsely represented that the Premises would be owner occupied as a single-family residence.

**Lack of information or beliefs to admit or deny the allegations**

15

85. ELIANE FILS falsely represented that the Premises would be used primarily for her residential purposes. **Lack of information or beliefs to admit or deny the allegations**

86. ELIANE FILS did not reside in the Premises. **Lack of information or beliefs to admit or deny the allegations**

87. Upon information and belief, the Premises was illegally subdivided into multiple apartments. **Lack of information or beliefs to admit or deny the allegations**

88. The Premises was used by ELIANE FILS as a commercial income earning property and not for residential purposes. **Lack of information or beliefs to admit or deny the allegations**

89. AMGUARD owes no duty to defend any of the UNDERLYING DEFENDANTS in the Underlying Action because of the material misrepresentations. **Denied**

90. AMGUARD owes no duty to indemnify any of the UNDERLYING DEFENDANTS in the Underlying Action because of the material misrepresentations. **Denied**

91. The Policy is void *ab initio* because of the misrepresentations in the application for the Policy. **Denied**

**WHEREFORE**, Plaintiff, AMGUARD INSURANCE COMPANY, respectfully requests judgment:

(1) Declaring that AMGUARD INSURANCE COMPANY is not obligated to defend and/or indemnify any of the UNDERLYING DEFENDANTS for the claims asserted in the Underlying Action;

(2) Declaring that AMGUARD INSURANCE COMPANY is entitled to withdraw from the defense it is currently providing to ELIANE FILS and ST. LOUIS FILS in the Underlying Action;

(3) Declaring that AMGUARD INSURANCE COMPANY is entitled to rescind the Policy *ab initio*;

    (4)    Awarding reasonable attorney's fees and costs of suit incurred in bringing this action; and

    (5)    Granting any further relief which the Court deems to be just and equitable.

**Denied**

DATED:    West Hartford, Connecticut
September 27, 2024

HURWITZ FINE P.C.

By: _____
Lee S. Siegel. Esq.
*Attorneys for Plaintiff,*
*AMGUARD INSURANCE COMPANY*
1245 Farmington Avenue #1198
West Hartford, CT 06107
(631) 465-0700
lss@hurwitzfine.com

St. Louis F fils
6/6/2025

Eliane fils
6/6/2025

17

FROM:

St. Louis/Eliane Fils
31 Hillcrest Avenue
Stamford, CT 06902


UNITED STATES POSTAL SERVICE. — Retail


**G** — US POSTAGE PAID — **$6.35** — Origin: 33319 — 06/06/25 — 1130510291-19

USPS GROUND ADVANTAGE®

0 Lb 4.60 Oz
RDC 01

C025


SHIP TO:
915 LAFAYETTE BLVD
BRIDGEPORT CT 06604-4706

USPS TRACKING® #


9500 1156 2117 5157 3722 73



TO:

Brien McMahon
United States District
915 Lafayette Boulev
Bridgeport, CT 0660