UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X    DOCKET #: 3:24-cv-01332
AMGUARD INSURANCE COMPANY,

                                                        Plaintiff(s),

   -against-

ELIANE FILS, ST. LOUIS FILS, FILS REALTY, LLC and
ACHBANI NOURDDINE, ADMINISTRATOR FOR THE
ESTATE OF ABDELOUAHAB HATTAB,

                                                  Defendant(s).
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ELIANE AND ST. LOUIS FILS'S ANSWER AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

                                                          **HURWITZ FINE P.C.**
                                                          Lee S. Siegel. Esq.
                                                          *Attorneys for Plaintiff,*
                                                          *AMGUARD INSURANCE COMPANY*
                                                          1245 Farmington Avenue #1198
                                                          West Hartford, CT 06107
                                                          (631) 465-0700
                                                          lss@hurwitzfine.com

**PRELIMINARY STATEMENT**

Plaintiff, AMGUARD INSURANCE COMPANY ("AmGUARD"), respectfully submits this Memorandum of Law in further support of its motion for default judgment[1] pursuant to Fed. R. Civ. P. 55 and in support of its motion to strike Defendants', ELIANE FILS and ST. LOUIS FILS, Answer pursuant to Fed. R. Civ. P. 12(f).

In this declaratory judgment action, AmGUARD seeks a declaration that it has no obligation to defend or indemnify Eliane Fils, St. Louis Fils, or Fils Realty, LLC in the Superior Court of the State of Connecticut, Judicial District of Stamford, Index Number FST-CV23-606239-S, dated July 24, 2023, styled *Achbani Nourddine, Administrator For The Estate Of Abdelouahab Hattab v. Eliane Fils, St. Louis Fils, and Fils Realty LLC*; that it may withdraw from the defense it is providing Eliane Fils and St. Louis Fils in the underlying action; and that it is entitled to rescind the insurance policy at issue *ab initio* based on material misrepresentations in the procurement of the policy.

The Answer submitted by Eliane and St. Louis Fils is an insufficient defense due to its failure to comply with the requirements in Fed. R. Civ. P. 8 and 10 or address the pending motion for default judgment against the parties. Despite proper service and a significant period of time elapsing thereafter, Eliane and St. Louis Fils have not offered any explanation for their failure to timely answer, move, or otherwise respond to the Amended Complaint for some eight months. By not raising improper service of process or any other jurisdictional defense, Eliane and St. Louis Fils have waived such defenses.

The Answer is procedurally defective. The pleading is merely a copy of the Amended Complaint with typewritten highlights over the allegations, and the document itself is not labelled

---

[1] *See* ECF No. 19.

as an Answer. The insertions contain responses that do not always track with the individual paragraphs of the Amended Complaint and are confusingly organized, rendering them difficult to understand. It is at times unclear if the responses are on behalf of one, both, or neither of the defendants or whether the defendants intended to admit the allegations.

As a result of the Answer's unintelligible organization, lack of affirmative defenses, waiver of service as a defense, and the complete failure to seek to vacate the entry of the Rule 55(a) default, AmGUARD respectfully requests that the Court strike the pleading and grant AmGUARD's motion for default judgment. In the alternative, AmGUARD requests the Court strike the answer without prejudice and order Eliane Fils and St. Louis Fils to submit Answers in an appropriate format, showing good cause why the entry of default should be vacated.

## FACTS AND PROCEDURAL HISTORY

AmGUARD incorporates by reference the recitation of the relevant facts in the accompanying Declaration of Lee S. Siegel, Esq., dated June 16, 2025.

## ARGUMENT

## THE ANSWER FAILS TO ASSERT DEFENSES, PROPERLY RESPOND TO THE ALLEGATIONS IN THE AMENDED COMPLAINT, OR DEMONSTRATE GOOD CAUSE TO VACATE THE ENTRY OF DEFAULT

AmGUARD is entitled to default judgment against Eliane Fils and St. Louis Fils, and the Court should strike the defendants' Answer. In their Answer, Eliane and St. Louis Fils have not asserted any affirmative defenses, they have waived service as a defense, further, the Answer is a confusing jumble of the allegations in the Amended Complaint with typewritten insertions, and the defendants have not shown good cause to vacate the entry of default against them.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant must

"state in short and plain terms its defenses to each claim asserted against it" in responding to a pleading. Fed. R. Civ. P. 8(b)(1)(A). In an answer, a party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. (b)(1)(B). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). If an allegation is not properly denied, then it is deemed admitted. Fed. R. Civ. P. 8(b)(6).

Further, Fed. R. Civ. P. 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Moreover, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Although the requirements of Rule 8 are "not within the literal scope of a Rule 12(f) motion to strike . . . Courts have, however, applied Rule 12(f) beyond its specified categories, including to pleadings allegedly improper under Rule 8(b)." *Curto v. Erie Cty. Water Auth.*, No. 18-cv-00695, 2021 U.S. Dist. LEXIS 187673, at *3 (W.D.N.Y. Sep. 29, 2021); *see Douyon v. NY Med. Health Care, P.C.*, No. CV 10-3983, 2011 U.S. Dist. LEXIS 47850, at *5-9 (E.D.N.Y. May 4, 2011) (striking the answer and counterclaim for failure to comply with the pleading requirements in Rule 8 or 10 where it contained jumbled paragraphs in a confusing structure, and the plaintiff was unable to articulate a response to the counterclaim).

A motion to strike may be granted if an affirmative defense (1) fails to meet the plausibility standard set out in *Bell Atlantic Corp. v. Twombly*; (2) has no legally sufficient basis for precluding a plaintiff from prevailing on its claims; or (3) results in prejudice and is untimely. *GEOMC Co. v.*

*Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019); *384 Hartford Rd., LLC v. United States Liab. Ins. Co.*, No. 3:24-CV- 00584, 2024 U.S. Dist. LEXIS 222069, at *3 (D. Conn. Dec. 9, 2024).

After default is entered against a party, it may only be set aside for good cause. Fed. R. Civ. P. 55(c). The movant seeking to set aside the default bears the burden of demonstrating good cause. *State Univ. of N.Y. v. Triple O, LLC*, No. 21-2116-cv, 2022 U.S. App. LEXIS 29627, at *5-6 (2d Cir. Oct. 25, 2022). The Second Circuit has established three criteria to determine whether to relieve a party from default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citation omitted); *Greene v. City of Norwalk*, No. 3:14-CV-01016, 2017 U.S. Dist. LEXIS 20456, at *18 (D. Conn. Feb. 14, 2017).

A party waives the defense of insufficient service of process by failing to assert it by motion or include it in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1)(B).

Despite AmGUARD's pending motion for default judgment against Eliane and St. Louis Fils, they have not disputed the service of the Amended Complaint or asserted that they did not have notice of this action in their Answer. Eliane and St. Louis Fils have failed to provide any opposition to AmGUARD's motion for default judgment or move to vacate the entry of default. By not raising the defense of improper service, it has been waived. The lack of content in the Answer has left AmGUARD unable to address the willfulness of the default or whether there are any meritorious defenses. Without any explanation for their untimely Answer or appearances in this action, Eliane and St. Louis Fils have not met their burden of demonstrating good cause to challenge the entry of default against them.

While a certain leeway is afforded *pro se* litigants, substantively, the Answer does not come close to meeting the pleading requirements of Rules 8 and 10. Instead, the Answer only contains confusing typewritten insertions over the paragraphs in the Amended Complaint. The insertions, some of which distinguish between Eliane and St. Louis Fils but not others, admit, deny, and deny sufficient information to respond to allegations. Due to difficulty in discerning the defendants' responses and the absence of any legally sufficient defenses, AmGUARD cannot meaningfully respond to the Answer.

Since Eliane and St. Louis Fils have failed to present any reason to vacate the entry of default against them, and having waived improper service or the lack of personal jurisdiction as a defense, AmGUARD is entitled to a default judgment against them (and all other non-appearing, non-answering parties).

**WHEREFORE,** it is respectfully submitted that this Court issue an Order striking the Answer of Eliane and St. Louis Fils and granting AmGUARD's motion for default judgment; or alternatively, ordering that Eliane and St. Louis Fils must show good cause to vacate the entry of default and file an Amended Answer in the proper format; together with any other relief the Court deems just and proper.

DATED:   West Hartford, Connecticut
          June 16, 2025          HURWITZ FINE P.C.

By: _____
Lee S. Siegel. Esq.
*Attorneys for Plaintiff,*
AMGUARD INSURANCE COMPANY
1245 Farmington Avenue #1198
West Hartford, CT 06107
(631) 465-0700
lss@hurwitzfine.com