

1245 Farmington Avenue #1198
West Hartford, CT 06107
P: 860.869.0375 F: 631.465.0313
hurwitzfine.com

**Lee S. Siegel**
lss@hurwitzfine.com

July 29, 2025

**_VIA ECF_**
Hon. Michael P. Shea, U.S.D.J.
United States District Court
District of Connecticut
450 Main Street - Annex 135
Hartford, Connecticut 06103

  RE: *AmGUARD Insurance Company v. Eliane Fils and St. Louis Fils*
    Case No. 3:24-cv-01332-MPS
    Date Amended Complaint Filed: 9/27/24
    Date Amended Complaint Served: 10/4/24
    Date of Defendant's Appearance: 5/5/25

Dear Judge Shea:

  Our office represents Plaintiff, AmGuard Insurance Company, in the above-captioned action. Plaintiff respectfully submits this Report pursuant to Fed. R. Civ. P. 26(f) and the Court's July 15, 2025 Order (ECF No. 28).

  Because the newly appearing Defendants, Eliane and St. Louis Fils, have not provided telephone or email contact information, AmGuard has prepared the within Report and has sent a copy of the Report to the Defendants via FedEx.

  **I.** **Certification**

  Undersigned counsel (after consultation with their client) certifies that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients. As noted above, counsel has provided a copy of this report to the Defendants via FedEx.



**HURWITZ FINE P.C.**

July 29, 2025
Page 2

## II. Jurisdiction

A. Subject Matter Jurisdiction

This Court has jurisdiction over this matter under 28 USC §1332 in that it arises between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the rights being protected and/or the injury being averred exceeds $75,000.

In their Answer to the Amended Complaint, Defendants denied information or belief sufficient to admit or deny diversity jurisdiction. Defendants have denied the allegations that St. Louis Fils is a citizen of Connecticut and the managing member of Fils Realty LLC. Eliane Fils denied that she is a citizen of Connecticut and member of Fils Realty LLC. However, Defendants have not provided any basis for the denials but both provided a Connecticut address to the Court.

B. Personal Jurisdiction

Upon information and belief, St. Louis Fils and Eliane Fils are citizens of the state of Connecticut and subject to this Court's jurisdiction.

In their Answer to the Amended Complaint, Defendants denied information or belief sufficient to admit or deny diversity jurisdiction but admitted that venue is proper in this District and both provided a Connecticut address.

## III. Brief Description of Case

Plaintiff commenced this declaratory judgment action seeking an order that it has no obligation to defend or indemnify St. Louis, Eliane Fils, or Fils Realty LLC in connection with the underlying action commenced the Superior Court of the State of Connecticut, Judicial District of Stamford, Index Number FST-CV23-606239-S, dated July 24, 2023, styled *ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB v. ELIANE FILS, ST. LOUIS FILS, and FILS REALTY LLC* (the "Underlying Action").

The Underlying Action arises from the May 2, 2022 death of Abdelouahab Hattab from alleged carbon monoxide poisoning while residing in an illegal apartment located at 31 Hillcrest Avenue, in Stamford. Hattab was allegedly a tenant and died due to carbon monoxide from a defectively installed water heater in the basement of the premises.

AmGuard issued a residential homeowners policy to Eliane Fils, Policy No. ELHO304719, insuring the property as the residence premises. In October 2023, AmGuard issued a reservation of rights to the Defendants and later issued a revised

**HURWITZ FINE P.C.**

July 29, 2025
Page 3

reservation of rights in November 2023. AmGuard agreed to defend Eliane Fils and St. Louis Fils subject to a reservation of rights but denied coverage to Fils Realty LLC.

Since St. Louis Fils and Fils Realty LLC are not named insureds under the AmGuard Policy and did not reside at the premises on the date of loss, AmGuard contends that St. Louis Fils and Fils Realty LLC are not Insureds under the AmGuard Policy, and AmGuard has no obligation to defend or indemnify them in the Underlying Action.

AmGuard contends that the premises is not an insured location because it does not meet the AmGuard Policy's definition of an insured location, defined as, among other things, the residence premises. Eliane Fils did not reside at the premises during the policy period, so it is not an insured location, and AmGuard contends it has no obligation to defend or indemnify Eliane Fils, or any defendant, in the Underlying Action.

AmGuard further contends that the AmGuard Policy's business exclusion precludes coverage. Upon information or belief, one or more of the Defendants subdivided the premises, which was a single-family home, and rented it to multiple tenants. Since Hattab is alleged to have died due to the operation of the premises for business purposes, AmGuard also asserts that there is no coverage for the claims in the Underlying Action.

Further, AmGuard asserts there is no coverage due to the failure to maintain a working fire alarm and smoke detectors as required by the AmGuard Policy.

AmGuard also contends that there is no coverage for the allegations in the Underlying Action since the AmGuard Policy excludes coverage for expected or intended injury. As the water heater was not ventilated, and there was no working carbon monoxide detector in or near Hattab's bedroom, AmGuard asserts that Hattab's death was expected or intended.

Most significantly, there is no coverage for injuries arising out of the actual or alleged escape of pollutants. Carbon monoxide is a pollutant, so there is no coverage for Hattab's injuries due to the release of a pollutant from the water heater.

Finally, AmGuard contends that Eliane Fils falsely represented that the premises would be used primarily for residential purposes, but the premises was instead used for commercial income. As a result, AmGuard contends the AmGuard Policy is void *ab initio* based on Eliane Fils' material misrepresentation on her application for insurance.

Defendants have not asserted any counterclaims or affirmative defenses in their Answer to the Amended Complaint.

**HURWITZ FINE P.C.**

July 29, 2025
Page 4

### IV. <u>Statement of Undisputed Facts</u>

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute based on the Defendants' responses in their Answer in this action. Based on Defendants' responses to the Amended Complaint, the following material facts are believed to be undisputed:

1. Plaintiff commenced this declaratory judgment action seeking an order that it has no obligation to defend or indemnify St. Louis, Eliane Fils, or Fils Realty LLC in connection with the underlying action commenced the Superior Court of the State of Connecticut, Judicial District of Stamford, Index Number FST-CV23-606239-S, dated July 24, 2023, styled *ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB v. ELIANE FILS, ST. LOUIS FILS, and FILS REALTY LLC* (the "Underlying Action").
2. The Estate of Abedlouahab Hattab commenced the Underlying Action.
3. The Underlying Action arises from the May 2, 2022 death of Abdelouahab Hattab from alleged carbon monoxide poisoning while residing in an illegal apartment located at 31 Hillcrest Avenue, in Stamford.
4. The Underlying Action alleges that Hattab was a tenant and died due to carbon monoxide from a defectively installed water heater in the basement of the insured premises.
5. Plaintiff issued a residential homeowners policy to Eliane Fils, Policy No. ELHO304719, insuring the property as the residence premises.
6. Eliane Fils tendered the Underlying Action to AmGuard for a consideration of coverage.
7. In October 2023, AmGuard issued a reservation of rights to the Defendants and later issued a revised reservation of rights in November 2023.
8. AmGuard agreed to defend Eliane Fils and St. Louis Fils subject to a reservation of rights but denied coverage to Fils Realty LLC.
9. St. Louis Fils is not a named insured under the AmGuard Policy.
10. St. Louis Fils did not reside at the insured premises on the date of loss.
11. Fils Realty LLC is not a named insured under the AmGuard Policy and is not a relative or resident of the insured premises.
12. Defendants admit that Fils Realty LLC does not meet the definition of an Insured, and AmGuard has no obligation to defend or indemnify Fils Realty LLC.
13. Defendants admit that the AmGuard Policy defines residence premises as the one-family dwelling where you, i.e., Eliane Fils the named insured, reside, or a two- to four-family dwelling where you, Eliane Fils, reside in at least one of the units.

### V. <u>Case Management Plan:</u>

A. <u>Initial Disclosures</u>

Initial disclosures will be served by: <u>8/13/25</u>

**HURWITZ FINE P.C.**

July 29, 2025
Page 5

    B. <u>Scheduling Conference</u>

1. Plaintiff does not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. Plaintiff prefers that a scheduling conference, if held, be conducted in person.

    C. <u>Early Settlement Conference</u>

1. Plaintiff certifies that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
2. Plaintiff does not request an early settlement conference.
3. Plaintiff requests a settlement conference, when such a conference is held, with the presiding judge.
4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

<u>D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings</u>

Plaintiff respectfully suggests the following for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until <u>9/30/25</u> to file motions to join additional parties and until <u>10/31/25</u> to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.
2. Defendant(s) should be allowed until <u>9/30/25</u> to file motions to join additional parties and until <u>10/31/25</u> to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

    <u>E. Discovery</u>

a) Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff anticipates the scope of discovery will be limited to the underwriting of the AmGuard Policy, Eliane Fils' application for insurance, and the facts alleged in the Underlying Action. There is nominal electronic discovery in this case.

**HURWITZ FINE P.C.**

July 29, 2025
Page 6

b) The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

- Defendants' application for insurance and underwriting of the AmGuard Policy
- The use of the premises as a rental property
- The allegations in the Underlying Action, including but not limited to the claim that Hattab was injured due to the release of carbon monoxide
- Whether Hattab was a tenant at the premises
- Where the Defendants lived at the time the policy was obtained and up to the date of death

c) All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by 8/15/25 and completed (not propounded) by 7/31/26.

d) Discovery [will] [will not] be conducted in phases.

e) If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by N/A.

f) The parties anticipate that the plaintiff(s) will require a total of **3** depositions of fact witnesses and that the defendant(s) will require a total of _____ depositions of fact witnesses. The depositions will commence by 8/29/25 and be completed by 1/30/26.

g) The parties [will] [**will not**] request permission to serve more than 25 interrogatories.

h) Plaintiff/s [**intend**] [do not intend] to call expert witnesses at trial. Defendant/s [intend] [do not intend] to call expert witnesses at trial.

i) Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by 2/27/26. Depositions of any such experts will be completed by 3/31/26.

j) Parties will designate all trial experts and provide opposing counsel with reports

k) Reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by 5/1/26. Depositions of such experts will be completed by 6/30/26. A damages analysis will be provided by any party who has a claim or counterclaim for damages by [N/A].

l) Undersigned counsel (after consultation with their client concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) has considered the disclosure and preservation of electronically stored information, including, but not limited to, the form in which

**HURWITZ FINE P.C.**

July 29, 2025
Page 7

such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

Plaintiff:

AmGuard will preserve electronically stored information regarding the claims in this action for disclosure. Documents will be produced in hard copy with redactions and sent to Defendants since they have not provided information to facilitate the secure exchange of electronically stored information.

Defendants:

m) Undersigned counsel (after consultation with their client) has considered the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

Plaintiff:
AmGuard will preserve electronically stored information regarding the claims in this action for disclosure. Documents will be produced in hard copy with redactions and sent to Defendants since they have not provided information to facilitate the secure exchange of electronically stored information. Plaintiff anticipates that the information sought will be in its possession and control and available for production.

Defendants:

n) Undersigned counsel has considered discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

Plaintiff:
Plaintiff will assert claims of privilege in a privilege log to accompany documents disclosed. Should Plaintiff learn of an inadvertent disclosure of privileged information, it will contact Defendants to assert its claim of privilege and request the destruction of the privileged information produced.

Defendants:

**HURWITZ FINE P.C.**

July 29, 2025
Page 8

<u>F. Other Scheduling Issues</u>
The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: N/A.

<u>G. Summary Judgment Motions</u>:
Summary judgment motions, which must comply with Local Rule 56, will be filed on or before <u>8/28/26</u>.

<u>H. Joint Trial Memorandum</u>
The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by <u>9/30/26</u>.

## VI. TRIAL READINESS

The case will be ready for trial by <u>10/30/26</u>.

As an officer of the Court, undersigned counsel agrees to cooperate with the self-represented parties and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

HURWITZ FINE P.C.

Lee S. Siegel