UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMGUARD INSURANCE COMPANY,

   *Plaintiff*,

v.

ELIANE FILS; ST. LOUIS FILS; FILS REALTY, LLC; ACHBANI NOURDDINE, ADMINISTRATOR FOR THE ESTATE OF ABDELOUAHAB HATTAB;

   *Defendants*.

No. 3:24cv1332(MPS)

**RULING ON MOTION FOR DEFAULT JUDGMENT**

AmGUARD Insurance Company filed this action against Eliane Fils; St. Louis Fils; Fils Realty, LLC (collectively, the "Underlying Defendants"); and Achbani Nourddine as Administrator for the Estate of Abdelouahab Hattab ("the Estate"), seeking a declaratory judgement that it is not obligated to defend or indemnify the Underlying Defendants in a lawsuit commenced by the Estate in Connecticut Superior Court in 2023. In the underlying Superior Court case, No. FSTCV236062394S, filed July 24, 2023, the Estate alleges that the Underlying Defendants were negligent in maintaining the property at 31 Hillcrest Avenue in Stamford, Connecticut, where Hattab allegedly sustained carbon monoxide poisoning that led to his death in 2022. ECF No. 11 ¶¶ 13–14.[1] AmGUARD issued a residential homeowners policy to Eliane Fils for 31 Hillcrest Avenue. ECF Nos. 11 ¶ 17; 11-2.

---

[1] AmGUARD attached a copy of the underlying action to its Amended Complaint. ECF No. 11-1. I also take judicial notice of other filings in that case. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.")

I. **OVERVIEW**

    A. **Procedural Background**

AmGUARD filed its initial Complaint in this case on August 20, 2024 and an Amended Complaint on September 27, 2024. ECF Nos. 1, 11. AmGUARD filed Proof of Service forms against each defendant stating that each had been served on October 4, 2024. ECF Nos. 13–16. The defendants did not appear and plead, and on November 7, 2024 the Clerk of the Court entered default under Fed. R. Civ. P. 55(a). ECF No. 18. On November 27, 2024, AmGUARD filed a Motion for Default Judgment under Fed. R. Civ. P. 55(b). ECF No. 19. While the motion was pending, Defendants St. Louis Fils and Eliane Fils appeared *pro se* on May 5, 2025. ECF Nos. 20–21. On May 28, 2025, the Court ordered AmGUARD to show cause that Fils Realty LLC had been properly served. ECF No. 22. AmGuard timely responded. ECF No. 24. St. Louis Fils and Eliane Fils filed an answer on June 9, 2025, and so the Court vacated the entry of default and denied the Motion for Default Judgment as to those two Defendants. ECF No. 26.[2] Thus, in this ruling I need only decide the Motion for Default Judgment as to Fils Realty, LLC and the Estate.

    B. **Factual Background**

Records of the Secretary of the State of Connecticut list the business and mailing address for Fils Realty, LLC during the time of purported service as 31 Hillcrest Avenue in Stamford, with St. Louis Fils as the only member, and listed the registered agent as Anthony E. Schwartz, with a mailing address in Norwalk, Connecticut.[3] AmGUARD purports to have served Fils Realty LLC

---

[2] The Plaintiff moved to strike these Defendants' answer, but the Court denied the motion. *See* ECF No. 25–26.

[3] *See* https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn= sZb2hTpOc5g8qm37ySbnvxp5NXnpEAbfXPt7M8vYOoo (last visited September 8, 2025). I take judicial notice of the records, which may not reasonably be disputed. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Courts routinely take judicial notice of such governmental records.").

on October 7, 2024 "[b]y personally delivering a true copy of the [summons and Amended Complaint] to Dylan Fils personally, deponent knew said individual to be the Authorized Agent thereof and authorized to accept the service of process," at 15 Daskam Place in Stamford, Connecticut. ECF No. 15. On November 22, 2024, about six weeks after this purported service, the Secretary of State administratively dissolved Fils Realty, LLC for failing to file an annual report.

Affidavits submitted by AmGUARD in response to the Court's show-cause order indicated that AmGUARD provided 31 Hillcrest Avenue as the LLC's address. ECF No. 24 ¶ 3. When a process server attempted service at this address, a person there said that the LLC was not located at this address but provided the server with a telephone number for "Louis," whom the server understood to be Defendant St. Louis Fils. ECF No. 24-3 ¶¶ 6–7. The server called the number and spoke to a person who identified himself as Louis's brother but would not provide contact information. *Id.* ¶ 7. The server then went to 15 Daskam Place, which AmGUARD contends "is an address associated with Defendant [Eliane] Fils." ECF No. 24-5 at 2. A person there identified himself as Dylan Fils and "told the process server at the time of personal service that he was affiliated with Fils Realty, LLC and St. Louis Fils and that he was authorized to accept service on behalf of both." ECF No. 24 ¶ 8; *see also* ECF No. 24-3 ¶ 8.

## II. LEGAL STANDARD

Although "a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000). It therefore "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Leider v. Ralfe*, No. 01CV3137, 2004 WL 1773330,

3

at *7 (S.D.N.Y. July 30, 2004); *see Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true.").

## III. DISCUSSION

### A. Fils Realty, LLC

Unless proper service is made upon the Defendants, this Court lacks jurisdiction over them. Federal Rule of Civil Procedure 4 governs service of process. Rule 4(h) provides that a corporation, partnership, or association may be served by following state law for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)–(B). "Rule 4(e)(1) and (h)(1) together provide that service of process on a domestic entity may be made as authorized by the law of either the state in which the district court sits or in which service is effected." *Callahan v. iCare Health Network,* No. 3:19CV1679(JAM), 2023 WL 2988889, at *3 (D. Conn. Apr. 18, 2023) (internal quotation marks omitted). Under Connecticut law, service of process on a limited liability company may be made by "leaving a true and attested copy with such company's registered agent, or at his or her usual place of abode in this state." Conn. Gen. Stat. § 34-243r(a). If process cannot be served pursuant to that section, "service may be made by any proper officer or other person lawfully empowered to make service handing a copy to the individual in charge of any regular place of business or activity of the company or foreign company if the individual served is not a plaintiff in the action." *Id.* § 34-243r(d). Alternatively, Conn. Gen. Stat. § 52-57(c) provides a list of corporate representatives who may be served with process, including the president, vice president, or

secretary of the company. *See Callahan*, 2023 WL 2988889, at *3.

AmGUARD's attempted service of Fils Realty, LLC does not comply with the requirements of Rule 4 or state law for service of a limited liability company. Service was not made on St. Louis Fils, the only member of the LLC, nor on the LLC's registered agent. AmGUARD has not shown that Dylan Fils, no matter his possible familial ties to St. Louis Fils, was an officer or agent of the LLC or that he was "authorized by appointment or by law to receive service of process" on behalf of the LLC. Fed. R. Civ. P. 4(h)(1)(A)–(B). Moreover, there is no indication from AmGUARD's submissions that the location of the purported service, 15 Daskam Place, was in any way a "regular place of business or activity of the company," Conn. Gen. Stat. § 34-243r(d), or associated at all with the LLC or its only member. AmGUARD's memorandum of law in response to the show-cause order only indicates that 15 Daskam Place was associated with Eliane Fils, who was not a member of the LLC.

AmGUARD argues that it reasonably relied on Dylan Fils's statement that he was authorized to accept service on behalf of the LLC and St. Louis Fils. But "good-faith reliance on apparent authority suffices . . . only if the principal has held out another person as possessing certain authority, not where the agent has done so." *Cleer LLC v. Stranger*, No. 3:24CV1496 (MPS), 2024 WL 4872157, at *1 (D. Conn. Nov. 22, 2024) (internal quotations omitted) (finding plaintiff failed to meet its burden of demonstrating proper service under Rule 4(e)(2)(C) without a showing of how defendant held out the alleged agent as possessing authority to receive service on her behalf). Here, AmGUARD has not shown how the LLC "held out" Dylan Fils as possessing authority to receive service on its behalf. Thus, AmGUARD has not met its burden of showing it

5

properly served Fils Realty, LLC.[4]

"Upon a finding of insufficient service, the Court may dismiss the case or may, in its discretion, retain the case, quash service, and direct that service be effectuated properly." *Spin Master, Ltd. v. Aomore-US*, No. 23 CIV. 7099, 2024 WL 3030405, at *12 (S.D.N.Y. June 17, 2024). The Court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Aries Ventures Ltd. v. Axa Fin. S.A.*, 729 F. Supp. 289, 303 (S.D.N.Y. 1990). "[Insufficient] service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir. 1985) (internal quotation marks and citation omitted).

Here, even though the LLC has since been administratively dissolved, there remains a reasonable prospect of service through its former member, St. Louis Fils, who has already appeared in this case. Thus, the court quashes service against Fils Realty, LLC and directs AmGUARD to properly serve the LLC on or before **October 31, 2025**. The Motion for Default Judgment against Fils Realty, LLC is denied without prejudice.

---

[4] In its response to the Court's show-cause order, ECF No. 24-5 at 4–5, AmGUARD urges me to adopt the New York state-law principle of "redelivery," under which service may be proper in certain instances where a process server acts with due diligence in delivering the summons to someone other than the defendants who "then redelivers the papers to one who is authorized to accept service." *See Link Grp. Int'l, L.L.P. v. Toymax (H.K.) Ltd.*, 127 F. Supp. 2d 280, 285 (D. Conn. 2000) (quoting *McDonald v. Ames Supply Co.,* 291 N.Y.S.2d 328 (1968)). Even if I were to entertain this theory while applying Connecticut law, service would still be improper here because there is no indication that Dylan Fils redelivered the summons to someone authorized to accept service for the LLC in a manner that was "so close both in time and space that it can be classified as part of the same act." *Id.* That the lone member of the LLC, St. Louis Fils, is now aware of this action and has appeared is insufficient because "actual notice does not cure improper service." *Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024).

### B. The Estate

Nourddine, as administrator of the Estate, was personally served with a summons and the Amended Complaint on October 7, 2024. *See* ECF No. 13. Service upon the Estate was thus proper as to the Estate under Fed. R. Civ. P. 4(e)(2)(A), and the Estate has not appeared. But granting default judgment against the Estate would be premature at this stage, where St. Louis Fils and Eliane Fils have appeared and have denied some of the allegations in the Complaint. The Supreme Court long ago recognized that "entering a default judgment [against one defendant but not others] runs the risk of inconsistent judgments." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Although the Court in that instance was referring to multi-defendant cases where defendants are alleged to be jointly liable, the same principle applies here, where the Court is asked to exercise its authority to issue a declaratory judgment about the coverage of an insurance policy. Because granting default judgment against the Estate runs the risk of inconsistent judgments, the motion for default judgment is denied without prejudice. *See Lemache v. Tunnel Taxi Management, LLC*, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019) ("The proper course in such a situation is to postpone decision on the default judgment until the case against the litigating party concludes; if the litigating party loses, the default judgment can then be entered against the non-appearing party, and if the litigating party wins, the default judgment motion should be denied."). AmGUARD may renew its motion for default judgment against the Estate once the case against the Underlying Defendants concludes.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Default Judgment is denied without prejudice as to both Fils Realty, LLC and Achbani Nourddine as Administrator for the Estate of Abdelouahab Hattab.

7

IT IS SO ORDERED.

                                                                                                                    _____/s/_____
                                                                                                          Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
        September 9, 2025